UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER TAYLOR, #211038,

        Petitioner,                        Case No. 15-cv-11253

v.                                      Honorable Thomas L. Ludington

CARMEN PALMER,

        Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Christopher Taylor, a Michigan prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentence. Specifically, he asserts that the state trial court erred in departing upward from the recommended sentencing guideline range and that the trial court erred in the scoring of an offense variable of the state sentencing guidelines.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that

are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the habeas petition will be dismissed. A certificate of appealability and leave to proceed *in forma pauperis* on appeal will also be denied.

**I.**

Petitioner states that he was initially charged with larceny in a building, two counts of uttering and publishing, attempted uttering and publishing, forgery, and being a fourth habitual offender. The victims in the case were his parents. In 2012, he pled guilty to two counts of forgery in exchange for dismissal of the other charges and a sentence below the guideline range in the Alcona County Circuit Court. The state trial court sentenced him to 365 days in jail to be suspended after 150 days for release to a long-term residential substance abuse treatment facility.

Petitioner subsequently left the treatment center without permission. He then pled guilty to a probation violation. The trial court conducted a sentencing hearing and sentenced him to concurrent terms of 20 to 50 years imprisonment on his forgery convictions as a fourth habitual offender. Petitioner asserts that his sentence exceeds the minimum sentence guideline range of 14 to 58 months imprisonment. According to Petitioner, the trial court adopted the prosecution's position that the upward departure was justified by new criminal activity—a home invasion of his parents' residence.[1] Petitioner also asserts that the trial court erred in scoring Offense Variable 10 (domestic relationship) at 10 points, but provides no specific factual details for the claim.

**II.**

---

[1] Petitioner was convicted of second-degree home invasion pursuant to a plea in the Alcona County Circuit Court and was sentenced as a fourth habitual offender to 12 to 30 years imprisonment in 2013. *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=211038.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996). Additionally, the correctness of state court factual determinations is presumed. 28 U.S.C. § 2254(e)(1).

## IV.

### A.

As an initial matter, Petitioner has not properly exhausted all of his habeas claims in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims

must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not presented his offense variable scoring claim to the state courts before proceeding in federal court. Consequently, he has not properly exhausted all of his habeas claims in the state courts and his petition, which contains both an exhausted and an unexhausted claim, is subject to dismissal as a mixed petition. The petition will not be dismissed on such a basis, however.

While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). For example, an unexhausted claim may be addressed if the pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). *See also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The interests of justice would be best served by adjudicating Petitioner's habeas claims because further exhaustion in the state courts is likely to be futile. In addition, the claims lack merit and may be denied despite the lack of exhaustion.

**B.**

Petitioner asserts that he is entitled to habeas relief because the trial court erred in imposing a sentence above the recommended state sentencing guideline range and erred in

scoring Offense Variable 10 (domestic relationship) of the state sentencing guidelines at 10 points. The Michigan Court of Appeals denied leave to appeal for lack of merit on the grounds presented to it, *People v. Taylor*, No. 315603 (Mich. Ct. App. Dec. 3, 2013) (unpublished), and the Michigan Supreme Court denied leave to appeal in a standard order. *People v. Taylor*, 495 Mich. 989, 844 N.W.2d 720 (2014).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[2] Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum for forgery for a fourth habitual offender. *See* Mich. Comp. Laws §§ 750.248, 769.12. A sentence imposed within the statutory limit is not subject to federal habeas review barring certain circumstances not present here. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's upward departure and offense variable scoring claims are not cognizable on federal habeas review because they are state law claims. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich.

---

[2] The Court notes that it would reach the same result under a de novo standard of review.

2001). Any error in departing above the recommended state sentencing guideline range or in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which habeas relief may be granted in his petition.

It should be noted that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He admits that he had a sentencing hearing with an opportunity to challenge his sentence. Petitioner alleges no facts to show that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted.

**IV.**

Accordingly, the the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Leave to proceed *in forma pauperis* on appeal will also be denied as an appeal cannot be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24 (a).

**V.**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DENIED** and **DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.


Dated: April 29, 2015                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2015.

                              s/Karri Sandusky
                              Karri Sandusky, Acting Case Manager

---